Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA  90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiffs JOSE BERMEJO as individuals and on behalf of all similarly situated employees

## UNITES STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMEJO,<br><br>        Plaintiff,<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LABCORP and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No.: 2:20-CV-5337<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>1. Failure to Pay All Wages;<br>2. Failure to Provide Meal Periods;<br>3. Failure to Provide Rest Periods;<br>4. Failure to Keep Accurate Payroll Records;<br>5. Failure to Pay Wages Upon Ending Employment;<br>6. Failure to Indemnify for Expenditures;<br>7. Unfair Competition (Business and Professions Code § 17200 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

FIRST AMENDED COMPLAINT

Plaintiff JOSE BERMEJO ("Bermejo" or "Plaintiff") on behalf of himself and all others similarly situated, complains and alleges as follows:

## **INTRODUCTION**

1.     This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class"), as defined herein, as all non-exempt employees, employed by or formerly employed by, Defendant LABORATORY CORPORATION OF AMERICA, ("LABCORP" or "Defendant") in the positions of service rep-carrier, and related positions in the state of California from February 25, 2016, until judgment in this matter.

2.     Plaintiff individually and on behalf of the class he seeks to represent, seek relief against LABCORP for the failure to pay all wages due in violation of Labor Code sections 510 and 1194, including, both regular and overtime wages; the failure to pay wages of terminated or resigned employees pursuant to Labor Code sections 201, 202, 203; the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Labor Code sections 226.7, 512; the  failure to reimburse for necessary business expenditures pursuant to Labor Code section 2802; the failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code sections 226, subdivision (a), 1174, 1175, and applicable IWC Wage Orders. Plaintiff further seeks equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Business and Professions Code section 17200 et seq. for unfair business practices.

3.     The "Class Period" is defined as the four (4) years prior to the filing of the original complaint through the date final judgment is entered. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

4.     At all relevant times herein, LABCORP and each Defendant, have consistently maintained and enforced against Plaintiff and Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiff and

- 2 -
FIRST AMENDED COMPLAINT

Plaintiff Class for all hours worked, including, both regular and overtime; b) willfully refusing to permit Plaintiff and Plaintiff Class from taking meal and/or rest periods or compensation in lieu thereof; c) willfully refusing to compensate Plaintiff and certain members of the Plaintiff Class wages due and owing at the time Plaintiff's and Plaintiff Class' employment with Defendants ended; d) willfully refusing to furnish to Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages, and (e) willfully refusing to reimburse Plaintiff and Plaintiff Class members for business expenses.

## JURISDICTION AND VENUE

5.      This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in Superior Court of California.

## THE PARTIES

**The Plaintiff**

7.      Bermejo at various relevant times herein, was an employee of the Defendant and entitled to compensation for all hours worked, overtime compensation, and penalties from Defendant. Bermejo was initially hired by Defendant on or about 2004 in the position of service rep-carrier. At all times during Plaintiff's employment he qualified as non-exempt employee entitled to applicable meal and rest breaks, as well as overtime per the Labor Code. Each of the Plaintiff Class members are identifiable, current and/or formerly similarly situated persons who were employed in non-exempt positions as including, but not limited to, service rep-carrier, and related positions in California for the Defendant during the Class Period.

**The Defendant**

8.      Plaintiff is informed and believe, and based thereon allege that, LABORATORY CORPORATION OF AMERICA dba "LABCORP" is a

- 3 -

FIRST AMENDED COMPLAINT

Delaware Corporation, and is and/or was the employer of the Plaintiff and Plaintiff Class during the Class Period. During the liability period, Defendant employed Plaintiff and similarly situated persons, and failed to pay Plaintiffs and Plaintiff Class for all hours worked as a result of working off the clock, overtime premium for overtime hours worked, failed to provide meal periods or pay a meal period penalty in lieu of, failed to provide rest periods or pay a rest period penalty in lieu of , failed to reimburse for business expenses and failed to pay due and owing wages upon ending of employment for employees within California. On information and belief, and based thereon alleges that Defendant is conducting business in good standing in California.

9.     Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendant sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendant is legally responsible for the payment of overtime compensation, rest and meal period compensation, business expenses reimbursement and/or Labor Code section 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10.     Plaintiff is informed and believes and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

## **GENERAL ALLEGATIONS**

11.     Labor Code section 1194 provides that notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their

FIRST AMENDED COMPLAINT

overtime compensation, including, interest thereon, reasonable attorneys' fees, and costs of suit.

12.     Further, Business and Professions Code section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction.  Business and Professions Code section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

13.     During all, or a portion of the Class Period, Plaintiff and each member of the Plaintiff Class were employed by the Defendant and each of them, in the State of California. Plaintiff and each of the Plaintiff Class members were non-exempt employees covered under one or more Industrial Welfare Commission (IWC) Wage Orders, and Labor Code section 510, and/or other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not subject to an exemption for executive, administrative and professional employees, which imposed obligations on the part of the Defendant to pay Plaintiff and Plaintiff Class members lawful overtime compensation.

14.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff Class members for all hours worked.

15.     During the Class Period, Defendant was obligated to provide Plaintiff and Plaintiff Class with a work free meal and/or rest period(s).

16.     During the Class Period, Defendant, and each of them failed and/or refused to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably provide meal and/or rest breaks and/or shift relief for Plaintiff and Plaintiff Class, thereby causing members of the Plaintiff Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiff Class were relieved of all

duties and free to leave the premises.  Defendants further failed and/or refused to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to reasonably ensure meal and/or rest breaks were taken within the required statutory time frame as required by law.  Furthermore, Defendant failed and/or refused to pay any Plaintiff Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for failure to provide rest and/or meal periods or to providing such rest and/or meal periods within the statutory time frame as a result of their scheduling policy.

17.     During the Class Period, Defendant was obligated to pay Plaintiff and Plaintiff Class members overtime compensation for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one (1) week, and double-time for hours worked in excess of twelve (12) hours in one day.

18.     Plaintiff and each Plaintiff Class member primarily performed non-exempt work in excess of the maximum regular rate hours set by the IWC in the applicable Wage Orders, regulations or statutes, and therefore entitled the Plaintiff and Plaintiff Class members to overtime compensation at time and a half rate, and when applicable, double time rates as set forth by the applicable Wage Orders, regulations and/or statutes.

19.     Plaintiff Class members who ended their employment during the Class Period, but were not paid the above due compensation for all hours worked, overtime compensation timely upon the termination of their employment as required by Labor Code sections 201, 202, and 203, and is entitled to penalties as provided by Labor Code section 203.

20.     During the Class Period, the Defendant and each of them, required the Plaintiff and Plaintiff Class members to work off the clock as well as overtime without lawful compensation, in violation of the various applicable Wage Orders, regulations and statutes, and the Defendant: (1) willfully failed and refused, and continue to fail and refuse to pay compensation for all hours worked, lawful

FIRST AMENDED COMPLAINT

overtime compensation to the Plaintiff Class members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to Plaintiff and certain Plaintiff Class members.

## CLASS ALLEGATIONS

21.     Plaintiff brings claims on behalf of the California Class. Plaintiff and the California Class are similarly situated because they have substantially similar job requirements and pay provisions, and are subject to Defendant's common practice, policy and/or plan of willfully and intentionally refusing to pay minimum wage and overtime.

22.     The California Class is so numerous that joiner of all members is impracticable.

23.     The Plaintiff Class is composed of and defined as follows: all non-exempt employees, employed by or formerly employed by, Defendant in the position of service rep-carrier, and related positions in the state of California, from February 27, 2016, until judgment in this matter:

    a.   All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period and have been terminated or resigned, and were entitled to be paid wages owed pursuant to Labor Code section 203;

    b.   All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period and were entitled to be paid all wages owed, including but not limited to minimum wage and overtime pursuant to Labor Code sections 510 and 1194;

    c.   All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period and were entitled to be provided accurate payroll record pursuant to Labor Code sections 226 and 1174;

FIRST AMENDED COMPLAINT

d. All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period and were entitled to be reimbursed for necessary business expenditures pursuant to Labor Code section 2802; and

e. All current and former California hourly non-exempt employees who work or worked for Defendant during the liability period to be determined and who suffered injury, including lost money, as a result of Defendant's unfair competition.

24.    Based on paragraphs 1-22, there is a community of interest in obtaining both (1) appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and (2) adequate compensation for the damages and injuries that Defendant's actions have inflicted upon Plaintiffs and Class members.

25.    Plaintiff will fairly and adequately represent and protect the interests of all the various subclass members because they do not have a disabling conflict(s) of interest that would be antagonistic to those of the other class members. Plaintiff has retained counsel who is competent and experienced in state and federal class action wage-and-hour litigation.

26.    This Court should permit this action to be maintained as a Class Action because:

a. The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

b. A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

c. The Plaintiff Class is so numerous that it is impractical to bring all member of the Plaintiff Class before the Court;

/ / /

- 8 -

FIRST AMENDED COMPLAINT

d.  Plaintiff and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

e.  There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiff Class;

f.  There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

g.  There is a community of interest in ensuring that the combine assets and available insurance of the Defendant is sufficient to adequately compensate members of the Class for the injuries sustained;

h.  Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

   (1)  Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standard of conduct for the Defendant; and/or

   (2)  Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available

- 9 -

FIRST AMENDED COMPLAINT

from those parties who is, or may be, responsible Defendant(s); and

i.   Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES

**(Plaintiff and Plaintiff Class Members against Defendant)**

27.   Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, the above paragraphs 1 through 26 as if fully alleged herein.

28.   Plaintiff and Plaintiff Class members regularly worked over eight (8) hours per day and forty (40) hours per week. Defendant failed to pay Plaintiff and Plaintiff Class members overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendant. Defendant failed to compensate Plaintiff and Plaintiff Class for all hours worked, which caused Defendant to not compensate Plaintiff and Plaintiff Class all wages owed, including, minimum wage and overtime. Specifically, Defendant had a policy and practice of not compensating Plaintiff and Plaintiff Class for time spent driving until they reached their first location for the day. Similarly, Defendant had a policy and practice of not compensating Plaintiff and Plaintiff Class for time spent driving at the end of their scheduled shift, as Defendant required them to clock out once finished at their last location. Plaintiff and Plaintiff Class seek overtime in an amount according to proof. Pursuant to Labor Code section 510, Plaintiff seeks payment of all minimum wage compensation owed, as well as under Labor Code section 1194, the Plaintiff Class members seek the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this complaint, according to proof.

FIRST AMENDED COMPLAINT

29.    Additionally, Plaintiff and Plaintiff Class members are entitled to attorneys' fees, costs, pursuant to Labor Code section 1194 and prejudgment interest.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class Member against Defendant)

30.    Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 29 as if fully alleged herein.

31.    California Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

32.    California Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

33.    Defendant, and each of them, failed to schedule non-exempt employees in an adequately overlapping manner so as to reasonably ensure Plaintiff and Plaintiff Class could take and/or receive such meal periods within the statutory timeframe. As a result, Plaintiff and Plaintiff Class were often forced to forego meal periods and/or work during their meal periods.  In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiff and Plaintiff Class in violation of Labor Code sections 226.7 and 512 and other regulations and statutes.

34.    At all times relevant hereto, Plaintiff and Plaintiff Class have worked more than five (5) hours in a workday.

FIRST AMENDED COMPLAINT

35.     At varying times relevant hereto, Plaintiff and Plaintiff Class at times have worked more than ten (10) hours in a workday.

36.     At all times relevant hereto, the Defendant, and each of them, due to their failure to schedule non-exempt positions in a manner so as to reasonably provide meal and/or work free meal periods as required by Labor Code sections 226.7 and 512.

37.     By virtue of the Defendant's failure to schedule Plaintiff and Plaintiff Class in such a way as to provide meal periods, and/or work free meal periods to Plaintiff and Plaintiff Class thereby causing Plaintiff and Plaintiff Class to suffer, and will continue to suffer, damages in the amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

38.     Plaintiff individually, and on behalf of the Plaintiff Class, requests recovery of meal period compensation pursuant to Labor Code section 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Plaintiff and Plaintiff Class against Defendant)

39.     Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 38 as if fully alleged herein.

40.     California Labor Code section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours.

41.     California Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide employee rest periods in accordance with this section,

FIRST AMENDED COMPLAINT

the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.     Defendant, and each of them, failed and or refused to implement a relief system by which Plaintiff and Plaintiff Class could receive rest periods and/or work free rest periods.  Furthermore, due to Defendant's relief system, Plaintiff and Plaintiff Class did not receive their rest periods within the required statutory time frame. By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiff sand Plaintiff Class in violation of Labor Code sections 226.7 and 512.

43.     At all times relevant hereto, Plaintiff and Plaintiff Class, have worked more than four (4) hours in a workday.

44.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiff and Plaintiff Class as a result of their scheduling and shift relief system, Plaintiff and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

45.     Plaintiff, himself and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Labor Code section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or any other statute.

## <u>FOURTH CAUSE OF ACTION</u>
### FAILURE TO KEEP ACCURATE PAYROLL RECORDS
### (Plaintiff and Plaintiff Class against Defendant)

46.     Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 45 as if fully alleged herein.

47.     Labor Code section 1174. subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the

employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiff is informed, and believes that Defendant willfully failed to make or keep accurate records for Plaintiffs and Plaintiff Class.

48.     Labor Code section 226, subdivision (a), states that, "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned; (2) total hours worked by the employee…; (4) all deductions…; (5) net wages; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than  a social security number; (8) the name and address of the legal entity that is the employer…; and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee…"

49.     IWC Wage Order Number 4-2001, paragraph 7, subdivision (a), requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work period, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay.  Plaintiff is informed, and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff alleges that Defendant's records do not accurately reflect where Plaintiff and Plaintiff Class were not paid for time spent driving both before reaching their first location and time spent driving after leaving their last location, as well as times where Plaintiff and Plaintiff Class worked during their meal and/or rest breaks due to Defendant's failure to schedule Plaintiff and Plaintiff Class in an overlapping manner so as to provide them with a meal and/or rest period.

- 14 -

FIRST AMENDED COMPLAINT

50.     Plaintiff is informed, and believes that Defendant's failure to keep accurate payroll records, as described above, violated Labor Code section 1174, subdivision (d), and the applicable wage order. Plaintiff and the Plaintiff Class are entitled to penalties of one hundred dollars ($100.00) for the initial violation and two hundred dollars ($200.00) for each subsequent violation for every pay period during which these records and information was not kept by Defendant.

51.     An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000.00), and is entitled to an award of costs and reasonable attorneys' fees.

52.     Plaintiff is informed and believe that Defendant's failure to keep and maintain accurate records and information, as described above, were willful, and Plaintiff and Plaintiff Class are entitled to a statutory penalty of five hundred ($500.00) for Plaintiff and each member of Plaintiff Class pursuant to Labor Code section 1174.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES

### (Plaintiff and Plaintiff Class against Defendant)

53.     Plaintiffs and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 52 as if fully alleged herein.

54.     Plaintiff and members of the Plaintiff Class who ended their employment with Defendant during the Class Period, were entitled to be promptly paid lawful overtime compensation and other premiums, as required by Labor Code sections 201, 202, and 203. Defendant refused and/or failed to promptly compensate

Plaintiff and Plaintiff Class wages owed as a result of their failure to provide meal and/or rest periods as well as pay overtime compensation. Pursuant to Labor Code section 203, such Plaintiff and Plaintiff Class seek the payment of penalties pursuant to Labor Code section 203, according to proof.

55.     Accordingly, Plaintiff and Plaintiff Class are entitled to attorneys' fees and costs pursuant to Labor Code section 1194 for the underlying claims related to this claim, including but not limited to the recovery of unpaid overtime.

## SIXTH CAUSE OF ACTION

### FAILURE TO INDEMNIFY FOR EXPENDITURES

### (Plaintiff and Plaintiff Class against Defendant)

56.     Plaintiff and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

57.     California Labor Code section 2802 states, "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

58.     Plaintiff and the Plaintiff Class were not reimbursed by Defendant for necessary expenditures as a direct consequence of the discharge of their duties.

59.     Defendant knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiffs and Plaintiff Class.

60.     Defendant had a corporate practice and policy of requiring Plaintiff and Plaintiff Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiffs and Plaintiff Class for necessary expenditures.

61.     Accordingly, Plaintiff and Plaintiff Class are entitled to an award of "necessary expenditures or losses" in accordance with Labor Code section 2802, which shall also include all reasonable costs, including, but not limited to, attorneys' fees and interest.

/ / /

/ / /

FIRST AMENDED COMPLAINT

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION LAW

#### (Plaintiff and Plaintiff Class against Defendant)

62.     Plaintiff and Plaintiff Class reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 61 as if fully alleged herein.

63.     Business and Professions Code section 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

64.     Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Competition Law ("UCL.")

65.     Labor Code section 90.5, subdivision (a), states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

66.     Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint including but not limited to violations of Labor Code sections 204, 1197, 1198 of the 226.7, and 512, as well as other statutes.

67.     The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code section

- 17 -

17200 et. seq.

68.     The acts and practices described above constitute unfair, unlawful and fraudulent Business Practices, and unfair competition, within the meaning of Business and Professions Code section 17200 et. seq. Among other things, the acts and practices have forced Plaintiffs and other similarly situated employees to labor for many hours without receiving the meal and rest periods and overtime compensation, to which they are entitled by law, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

69.     As a result of Defendant's acts, Plaintiff and Plaintiff Class have suffered injury in fact in being denied their statutorily entitled meal and rest periods and full compensation for hours of labor. As a result of Defendant's unlawful acts of unfair competition, Plaintiff and Plaintiff Class have lost money and property in the form of a loss of wages in an amount to be proven at trial.

70.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Plaintiff Class have suffered lost wages in an amount to be proven at trial.

71.     Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

72.     Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition.  Plaintiff and Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for all wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods taken away from them, during the four-year

FIRST AMENDED COMPLAINT

period prior to the filing of this complaint.

73.    Business and Professions Code section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

74.    Plaintiff's success in this action will enforce important rights affecting public interest, and in that regard, Plaintiff sues on behalf of the general public, as well as himself and other similarly situated employees. Plaintiff and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

75.    Plaintiff herein take upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment as follows:

1.    For nominal damages;

2.    For restitution of all monies due to Plaintiffs and Plaintiff Class, and disgorged profits from the unlawful business practices of Defendant;

3.    For waiting time penalties pursuant to Labor Code section 203, on behalf of the terminated or resigned employees;

4.    For penalties pursuant to Labor Code sections 226, 226, subdivision (e), 226.7, 512 and 1194;

5.    For interest accrued to date;

FIRST AMENDED COMPLAINT

6. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

7. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of Business and Professions Code section 17200, et seq., and declaring Defendant has unlawfully treated Plaintiffs and Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay wages to former employees, Plaintiff Bermejo, and other certain members of Plaintiff Class, failed to provide Plaintiff and Plaintiff Class accurate itemized wage statements upon payment of wages, failed to permit Plaintiffs and Plaintiff Class from taking meal and/or rest periods or compensation in lieu thereof and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees Plaintiffs and Plaintiff Class are entitled to;

8. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

9. For reasonable attorneys' fees pursuant to Labor Code sections 226 and 1194; and

10. For all such other and further relief as the Court may deem just and proper.

Dated: April 20, 2020                    **MAHONEY LAW GROUP, APC**

By: _____
Kevin Mahoney, Esq.
Attorney for Plaintiff Jose Bermejo as an individual and on behalf of all similarly situated employees

- 20 -

FIRST AMENDED COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff JOSE BERMEJO hereby demands a jury trial on all issues so triable.


Dated: April 20, 2020                          **MAHONEY LAW GROUP, APC**


By:  _____
Kevin Mahoney, Esq.
Attorney for Plaintiffs Jose Bermejo and
Carolyn brown as an individual and on
behalf of all similarly situated employees

- 21 -

FIRST AMENDED COMPLAINT