# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMEJO, as an individual, and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LABCORP, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: CV 20-5337-DMG (SKx)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [38]** |

The Court, having read and considered the papers filed in support of the motion for preliminary approval of class settlement, the proposed class notice and other documents, having considered the arguments of counsel, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Stipulation of Settlement filed with the Court as Exhibit A to the Declaration of Kevin Mahoney entered into by and between Plaintiff JOSE BERMEJO ("Plaintiff"), individually and on behalf of Class Members (defined below), and Defendant LABORATORY CORPORATION OF AMERICA, DBA LABCORP ("Defendant"), is fair, just, and reasonable and, therefore, meets the requirements for preliminary approval, subject to further consideration at the final approval hearing after the distribution of the Class Notice to the members of the Settlement Class.

2. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement.

3. The following class is conditionally certified for settlement purposes only: all persons who are employed or have been employed by Defendant in California as non-exempt employees in the position of Service Representative/Courier or other positions with the same or similar job functions at any time on or between April 20, 2016 to the date of preliminary approval of this settlement by the Court (the "Class Period").

4. The Court finds, for settlement purposes only, the requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b) are satisfied.

5. Named Plaintiff Jose Bermejo is appointed as Class Representative. Kevin Mahoney, Berkeh Alemzadeh, and Laura Theriault of Mahoney Law Group, APC are appointed as Class Counsel.

6. The proposed notice plan is hereby approved as the best notice practicable. The proposed Settlement Class Notice attached to the Declaration of Kevin Mahoney as Exhibit B is sufficient, subject to the Court's edits, to inform the

Class Members of the terms of the Settlement Agreement, their rights to receive monetary payments under the Settlement Agreement, their right to exclude themselves from the Settlement and their right to lodge objections to the Settlement. The Court finds the notice requirements of Federal Rule of Civil Procedure 23 and applicable standards of due process are satisfied, and that the Class Notice adequately advises Class Members of their rights under the Settlement. Counsel for the Parties are authorized to correct any typographical errors that may be discovered in the Class Notice and make clarification, to the extent some are found or needed, so long as the corrections do not materially alter the substance of the Class Notice. The Request for Exclusion Form attached to the declaration of Kevin Mahoney as Exhibit C is approved.

7. The notice response deadline will be forty-five (45) days from the date of the initial mailing of the Notice Packet. The procedures and forty-five (45) day deadline for members of the class to request exclusion from or to object to the Settlement is adopted as described in the Settlement Agreement, and the Request to Be Excluded from Settlement form is attached to the Declaration of Kevin Mahoney as Exhibit C. Any Class Member who intends to object to final approval of the Settlement Agreement must submit a written objection to the Settlement Administrator by mail in accordance with the Settlement Agreement.

8. Phoenix Class Action Administration Solutions ("Phoenix") is appointed to act as the Settlement Administrator pursuant to the terms of the Settlement Agreement. The Settlement Administrator is ordered to carry out the Settlement according to the terms of the Stipulation of Settlement and in conformity with this Order, including disseminating the Notice according to the notice plan described in the settlement agreement. The Settlement Administrator shall post a copy of the Settlement Agreement, all motions for class action settlement approval, and the motion for attorneys' fees on its website. Based upon the cost estimate submitted by Phoenix, the Court preliminarily approves administration costs in an amount not to exceed twenty thousand dollars ($20,000.00) to be deducted from the

Gross Settlement Amount.

9. The Parties are ordered to carry out the settlement according to the terms of the Settlement Agreement and proceed with the following timeline of events:

    a. By April 10, 2023, or twenty-one (21) calendar days after the entry of the Preliminary Approval Order, Defendant shall provide Phoenix with the Class Information;

    b. By April 24, 2023, or fourteen (14) calendar days after receiving the Class Information, Phoenix will send a copy of the Notice Pack to Class Members;

    c. By May 8, 2023, Plaintiffs' counsel shall file a motion for attorneys' fees, costs, and approval of class representative service award, which will include a lodestar calculation for attorneys' fees that permits the court to conduct a lodestar cross-check;

    d. By June 8, 2023, or forty-five (45) calendar days after the original mailing of the Notice Packets, Class Members wishing to request exclusion must submit a Request for Exclusion to Phoenix. By that same date, Class Members wishing to object to the settlement or to their Work Week calculation must submit a written statement of objection to Phoenix.

10. The Motion for Final Approval of the Settlement shall be filed and served no later than June 23, 2023.

11. A Final Approval hearing will be held on July 14, 2023 at 9:30 a.m., to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Settlement Class Members. The Court reserves the right to continue the date of the Final Approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

12. In the event the Settlement is not fully and finally approved, or

otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions before entering into the Settlement Agreement. If the Settlement does not become final for any reason, the fact that the Parties were willing to agree to a settlement and the circumstances, proceedings, and documents relating to the proposed settlement shall have no bearing on, and will not be admissible in connection with litigation, whether through issue preclusive, estoppel, or otherwise.

13. All proceedings in the action are stayed pending Final Approval of the Settlement.

IT IS SO ORDERED.

DATED: March 21, 2023

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE