Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Berkeh Alemzadeh (SBN: 324834)
balem@mahoney-law.net
Laura Theriault (SBN: 330474)
ltheriault@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.:562-590-5550
Facsimile No.: 562-590-8400

Attorneys for Plaintiff JOSE BERMEJO, as an individual and on behalf of all similarly situated employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMEJO, as an individual, and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LABCORP, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:20-cv-05337-DMG-SK<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JOSE BERMEJO IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned to for all purposes;<br>Hon. Dolly M. Gee, Courtroom 8C<br><br>Date:            September 15, 2023<br>Time:           10:00 a.m.<br>Courtroom:  8C |

1
DECLARATION OF JOSE BERMEJO IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

# DECLARATION OF JOSE BERMEJO

I, JOSE BERMEJO, hereby declare as follows:

1.  I am an individual residing in California. I am over the age of eighteen and the Plaintiff in the case of Bermejo v. Laboratory Corporation of America dba Labcorp, filed in the Central District of California, case number 2:20-cv-05337-DMG-SK. The information contained herein is based on my personal knowledge and if called as a witness I could and would testify competently hereto.

2.  This declaration is submitted in support of Plaintiff's Motion for Final Approval of Class Action Settlement in this matter and for my class representative service payment request of ten thousand dollars ($10,000.00).

3.  I worked for Defendant LABORATORY CORPORATION OF AMERICA DBA LABCORP ("Defendant") from on or about January 18, 2005 until on or about September 6, 2019 as a non-exempt, hourly, Service Representative/Courier.

4.  I believe that certain employment practices of Defendant were unlawful, including but not limited to, failure to pay all wages, failure to provide meal and rest periods, failure to keep accurate payroll records, failure to pay all wages upon ending of employment, failure to indemnify for business expenditures, and unfair business practices.

5.  I decided to file a class action lawsuit based on these allegations and violations and agreed to serve as the Named Class Representative in order to represent other employees that I knew were similarly affected by Defendant's conduct. I understood that by acting as the Class Representative I had a duty to protect the interests of the class even to the detriment of my own individual claims and interests. In addition, I understood that a class action lawsuit would likely take longer than an individual action and I accepted that burden to seek benefits for other Class Members.

6. I believed I could adequately represent the proposed class of employees and would prevail in my case. I believe I am an adequate class representative because my interests are the same as all current and former non-exempt Service Representative/Couriers employed by Defendant in California during the Class Period.

7. By agreeing to be a named class representative in this case, I took a significant professional risk. Subsequent employers could easily learn I sued my former employer, which could jeopardize my prospective employment. I was willing to take on this risk in order to pursue recovery on behalf of other employees. There is also a real possibility that due to my involvement in this case, future employers may be less inclined to hire me or could even refuse to hire me.

8. I have not received any benefits as a result of agreeing to be a named class representative in this case other than the benefit of being a class member and the incentive payment that I am seeking.

9. Despite the risks associated with filing a class action lawsuit, I believed I could adequately represent the proposed class of employees and would prevail in my case. I believe I am an adequate class representative because my interests are the same as all current and former non-exempt Service Representative/Couriers employed by Defendant in California during the Class Period. I willingly and knowingly brought the claims on behalf of the Class Members. I fully understand that as class representative, I hold certain fiduciary duties to the Class Members and must always consider their interests. Throughout this lawsuit I sought the same damages and remedies, specifically for unpaid wages and other available remedies. I believe that I have diligently served as class representative in this matter.

10. Throughout this litigation, I made myself available to my attorneys at their request. I attended multiple meetings with my attorneys, spent a significant number of hours searching for, producing, and reviewing documents in my possession and with my attorneys, responding to Defendant's discovery requests and reviewing documents

produced by Defendant in this action. I participated in a multitude of telephone calls with my attorneys and provided them with a wealth of information about my employment with Defendant and Defendant's policies and procedures. I assisted my attorneys prior to filing the lawsuit with investigation into the claims, providing documents and gathering information. In addition, I reviewed the settlement agreement and conducted several conferences with Class Counsel discussing the terms of the settlement. In total, I estimate having spent at least fifty (50) hours participating in the above activities throughout, and prior to, the litigation of this case.

11. Subject to and without waiving the attorney-client privilege, I also understand that I may have had individual causes of action under the Labor Code, but I gave up those individual claims to proceed with this action as a class action. Nevertheless, I agreed to execute a general release for this class settlement. In other words, I sacrificed my claims for the benefit of the class.

12. I have not incurred any expenses to further the prosecution of this case.

13. During settlement negotiations I understood the risk of moving forward with further class certification efforts and potential trial. Based on the substantial information provided and conversations with my attorneys, I believe the pending settlement terms are fair, reasonable and adequate, and the consideration to the proposed class in exchange for a release of the claims asserted in the lawsuit is merited.

14. I understand that I may be entitled to an additional payment for my role as a class representative for the time I spent working on the case. I also understand that this amount is not guaranteed and is subject to court approval.

15. For the reasons stated above, I believe I am entitled to the requested representative service payment of ten thousand dollars ($10,000.00) for my work in this case. I do not believe my decision to accept the settlement and the proposed ten-thousand-dollar ($10,000.00) service payment compromised my duty to protect the interest of the Class. I also understand the requested service payment is subject to the

Court's approval and discretion. This amount is fair and justified because of my extensive involvement and assistance with this litigation, the risks I took by agreeing to be a class representative, and the total settlement fund of two million four hundred thousand dollars ($2,400,000.00).

16. While I did not type this declaration, I did review it completely and was given the opportunity to ask questions and make changes. This is an accurate summary of the information I provided to my attorneys.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 31st day of August 2023 at  Carson. CA .

_____
Jose Bermejo