Kevin Mahoney, Esq. (SBN 235367)
kmahoney@mahoney-law.net
Berkeh Alemzadeh, Esq. (SBN 324834)
balem@mahoney-law.net
Laura Theriault, Esq. (SBN: 330474)
ltheriault@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

Attorneys for Plaintiff JOSE BERMEJO,
as an individual and on behalf of all
similarly situated employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMEJO, as an individual, and on behalf of all similarly situated employees,<br><br>          Plaintiff,<br>  vs.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LABCORP; and DOES 1 through 50, inclusive,<br><br>          Defendant. | Case No. 2:20-CV-5337-DMG-SK<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS REPRESENTATIVE SERVICE PAYMENT, ATTORNEYS' FEES, AND REIMBURSEMENT OF COSTS AND EXPENSES**<br><br>Assigned for All Purposes to:<br>Hon. Dolly M. Gee<br>Courtroom 8C<br><br>Date: September 15, 2023<br>Time: 10:00 a.m.<br>Crt. Rm: 8C<br><br>Complaint Filed: April 20, 2020<br>Case Removed: June 15, 2020<br>Trial Date: None Set |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS REPRESENTATIVE
SERVICE PAYMENT, ATTORNEYS' FEES, AND REIMBURSEMENT OF COSTS AND
EXPENSES

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 15, 2023, at 10:00 a.m., in Courtroom 8C of the United States District Court for the Central District of California located at 350 W. 1st Street, Los Angeles, California, Plaintiff Jose Bermejo ("Plaintiff"), individually and on behalf of those similarly situated will, and hereby move this Court, to award Plaintiff a class representative service payment in the amount of ten thousand dollars ($10,000.00) for his service to the Class as Class Representative, Class Counsel attorneys' fees in the amount of eight hundred thousand dollars ($800,000.00), and reimbursement of costs in the thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18).

This motion is made on the grounds that the requested award is fair, reasonable, and appropriate under the common fund doctrine, under either the percentage-of-the-fund method, or the lodestar method. The requested fee award represents one-third (1/3) of the Gross Settlement Amount, a percentage of the Gross Settlement Amount that is well within the range that courts in this Circuit approve.

Additionally, Class Counsel seeks reimbursement of thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18) in litigation costs and expenses they incurred in connection with the prosecution of this action. The costs and expenses for which Class Counsel seek reimbursement were reasonable and necessary to this litigation and were incurred for the benefit of the Class.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement; (3) the Declaration of Kevin Mahoney; (4) the Declaration of Laura Theriault; (5) the Declaration of Jose Bermejo; (6) the Parties' Class Action Settlement Agreement and Notice ("Settlement Agreement"); (7) the Notice of Class Action Settlement; (8) the [Proposed] Order Granting Final Approval of Class Action Settlement; (9) the records, pleadings, and papers filed in this action; and (10) such other documentary and oral evidence or argument as may be presented to the Court at

1 | or prior to the hearing of this Motion.

2

3 | Dated: August 31, 2023            **MAHONEY LAW GROUP, APC**

4

5

6 | By: _____

7 | Kevin Mahoney, Esq.
  | Berkeh Alemzadeh, Esq.

8 | Laura Theriault, Esq.
  | Attorneys for Plaintiff JOSE BERMEJO

9 | as an individual and on behalf of all
  | similarly situated employees

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES,

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   FACTS AND PROCEDURE ..................................................................................3

A.   Class Counsel Devoted Significant Time and Resources to Litigating this Case on a Contingency Basis, Despite the Risks Involved .........................3

B.   Plaintiff Devoted Time and Resources to the Litigation ............................4

C.   Plaintiff and the Class Obtained a Highly Beneficial Settlement for Class Members ......................................................................................................5

III.  ARGUMENT ..........................................................................................................7

A.   Class Counsel are Entitled to an Award of Attorneys' Fees because the Litigation Recovered a Certain and Calculable Fund for the Class Members ......................................................................................................7

B.   The Requested Fee is Reasonable Under the Percentage-of-the-Fund Method .........................................................................................................8

C.   The Requested Fee is Reasonable Under the Lodestar Cross-Check ......10

1.   Class Counsel's Lodestar is Based on Reasonable Hours and Rates ..................................................................................................10

2.   The Legal Principles Behind Risk Multipliers Further Support the Reasonableness of the Fee Requested ..............................................11

D.   Class Counsel are Entitled to Recover their Reasonable Litigation Costs 12

E.   The Court Should Approve the Requested Enhancement Payment in Recognition of Plaintiff's Time and Effort and the Risk he Undertook in Service to the Class ...................................................................................13

1.   By Initiating this Action and Devoting Substantial Time to Assist with the Successful Prosecution and Settlement of the Case, Plaintiff Benefited the Class as a Whole ..........................................14

2.   The Risks Plaintiff Took Support his Request for an Enhancement Payment ............................................................................................15

3.   The Reasonableness of Plaintiff's Request Favors Granting an Enhancement Payment ......................................................................16

IV.   CONCLUSION .....................................................................................................18

# **<u>TABLE OF AUTHORITIES</u>**

Page(s)

Cases

*Alberto v. GMRI, Inc.*,
   (E.D. Cal. 2008) 252 F.R.D. 652 ...............................................................16

*Barbosa v. Cargill Meat Solutions Corp.*,
   (E.D. Cal. 2013) 297 F.R.D. 431 .................................................................9

*Blum v. Stenson*,
   (1984) 465 U.S. 886.............................................................................8, 10

*Boeing Co. v. Van Gemert*,
   (1980) 444 U.S. 472 ..................................................................................7

*Bower v. Cycle Gear, Inc*,
   (N.D. Cal., Aug. 23, 2016, No. 14-CV-02712-HSG) 2016 WL 4439875..................8

*Brazil v. Dell Inc.*,
   (N.D. Cal., Apr. 4, 2012, No. C-07-01700 RMW) 2012 WL 1144303 ....................14

*Cabiness v. Educational Financial Solutions, LLC*,
   (N.D. Cal., June 25, 2018, No. 16-CV-01109-JST) 2018 WL 3108991 ..................16

*Carlson v. C.H. Robinson Worldwide, Inc.*,
   (D. Minn., Sept. 18, 2006, No. CIV 02-3780 JNE/JJG) 2006 WL 2671105 ...........16

*Ching v. Siemens Industry, Inc.*,
   (N.D. Cal., June 27, 2014, No. 11-CV-04838-MEJ) 2014 WL 2926210......4, 8, 9, 14

*Collins v. American Freight System, Inc.*,
   (W.D. Mo. 1983) 559 F.Supp. 1032 ..........................................................12

*Connolly v. Weight Watchers North America Inc.*,
   (N.D. Cal., July 21, 2014, No. 14-CV-01983-TEH) 2014 WL 3611143 .................15

*Craft v. County of San Bernardino*,
   (C.D. Cal. 2008) 624 F.Supp.2d 1113 .......................................................11

*Dent v. ITC Service Group, Inc.*,
  (D. Nev., Sept. 27, 2013, No. 2:12-CV-00009-JCM) 2013 WL 5437331 ......3, 15, 16

*Elliott v. Rolling Frito-Lay Sales, LP*,
  (C.D. Cal., June 12, 2014, No. SACV 11-01730 DOC) 2014 WL 2761316 ..............9

*Glass v. UBS Financial Services, Inc.*,
  (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862.......................17

*Graham v. Overland Solutions, Inc.*,
  (S.D. Cal., Sept. 12, 2012, No. 10-CV-0672 BEN BLM) 2012 WL 4009547..........17

*Greko v. Diesel U.S.A., Inc.*,
  (N.D. Cal., Apr. 26, 2013, No. 10-CV-02576 NC) 2013 WL 1789602 .....................6

*Guippone v. BH S & B Holdings, LLC*,
  (S.D.N.Y., Oct. 28, 2011, No. 09 CIV. 01029 CM) 2011 WL 5148650...................15

*Harris v. Marhoefer*,
  (9th Cir. 1994) 24 F.3d 16 ......................................................................................12

*Hester v. Vision Airlines, Inc.*,
  (D. Nev., July 17, 2014, No. 2:09-CV-00117-RLH) 2014 WL 3547643 ...................8

*In re Anthem, Inc. Data Breach Litigation*,
  (N.D. Cal., Aug. 17, 2018, No. 15-MD-02617-LHK) 2018 WL 3960068 .................2

*In re Bluetooth Headset Products Liability Litigation*,
  (9th Cir. 2011) 654 F.3d 935 ...........................................................................1, 8, 9

*In re High-Tech Employee Antitrust Litigation*,
  (N.D. Cal., Sept. 2, 2015, No. 11-CV-02509-LHK) 2015 WL 5158730 .................14

*In re Immune Response Securities Litigation*,
  (S.D. Cal. 2007) 497 F.Supp.2d 1166.....................................................................13

*In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*,
  (N.D. Cal., Dec. 6, 2017, No. 4:14-MD-2541-CW) 2017 WL 6040065.............16, 17

*In re Online DVD-Rental Antitrust Litigation*,
  (9th Cir. 2015) 779 F.3d 934 ............................................................................8, 16

3

TABLE OF CONTENTS AND AUTHORITIES

*In re Pacific Enterprises Securities Litigation*,
   (9th Cir. 1995) 47 F.3d 373 ..................................................................2

*Lusby v. GameStop Inc.*,
   (N.D. Cal., Mar. 31, 2015, No. C12-03783 HRL) 2015 WL 1501095 ......................2

*Missouri v. Jenkins by Agyei*,
   (1989) 491 U.S. 274 ..........................................................................10

*Mora v. Harley-Davidson Credit Corp.*,
   (E.D. Cal., Jan. 3, 2014, No. 1:08-CV-01453-BAM) 2014 WL 29743 ....................6

*Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles*,
   (C.D. Cal., June 24, 2009, No. CV 07-3072 AHM FMMX) 2009 WL 9100391 .......9

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*,
   (C.D. Cal. 2004) 221 F.R.D. 523 ............................................................5

*Neary v. Regents of University of California*,
   (1992) 3 Cal.4th 273 ..........................................................................6

*Nitsch v. DreamWorks Animation SKG Inc.*,
   (N.D. Cal., June 5, 2017, No. 14-CV-04062-LHK) 2017 WL 2423161 ..................15

*Perkins v. Linkedin Corporation*,
   (N.D. Cal., Feb. 16, 2016, No. 13-CV-04303-LHK) 2016 WL 613255 ..................11

*Prison Legal News v. Schwarzenegger*,
   (9th Cir. 2010) 608 F.3d 446 ..............................................................10

*Ridgeway v. Wal-Mart Stores Inc.*,
   (N.D. Cal. 2017) 269 F.Supp.3d 975 ......................................................17

*Rodriguez v. West Publishing Corp.*,
   (9th Cir. 2009) 563 F.3d 948 ......................................................1, 13, 14

*Ross v. U.S. Bank Nat. Ass'n*,
   (N.D. Cal., Sept. 29, 2010, No. C07-02951SI) 2010 WL 3833922 ....................15

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
   (9th Cir. 1990) 904 F.2d 1301 ............................................................1, 8

*State of Fla. v. Dunne*,
   (9th Cir. 1990) 915 F.2d 542 ..............................................................8

4

TABLE OF CONTENTS AND AUTHORITIES

*Staton v. Boeing Co.*,
(9th Cir. 2003) 327 F.3d 938 ...........................................................7, 13, 16

*Stuart v. Radioshack Corp.*,
(N.D. Cal., Aug. 9, 2010, No. C-07-4499 EMC) 2010 WL 3155645 ......................9

*Thieriot v. Celtic Ins. Co.*,
(N.D. Cal., Apr. 21, 2011, No. C-10-04462-LB) 2011 WL 1522385 ......................6

*Van Vranken v. Atlantic Richfield Co.*,
(N.D. Cal. 1995) 901 F.Supp. 294 ....................................................11,17

*Vasquez v. Coast Valley Roofing, Inc.*,
(E.D. Cal. 2010) 266 F.R.D. 482 ............................................................9

*Vincent v. Hughes Air West, Inc.*,
(9th Cir. 1977) 557 F.2d 759 ...........................................................2, 12

*Vizcaino v. Microsoft Corp.*,
(9th Cir. 2002) 290 F.3d 1043 ..........................................................9, 11

*Wade v. Kroger Co.*,
(W.D. Ky., Nov. 20, 2008, No. 3:01CV-699-R) 2008 WL 4999171 ......................16

*Wren v. RGIS Inventory Specialists*,
(N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826 ......................14

Statutes

28 U.S.C. § 1331.............................................................................3
28 U.S.C. § 1441 (a) .........................................................................3
28 U.S.C. § 1442(a)(1).......................................................................3

TABLE OF CONTENTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Jose Bermejo ("Plaintiff") successfully resolved his and Class Members' California Labor Code and Business and Professions Code claims, resulting in a two million four hundred thousand dollars ($2,400,000.00) non-reversionary settlement with an average estimated recovery of three thousand one hundred sixty-nine dollars and thirty-seven cents ($3169.37) per Participating Class Member. (Declaration of Yami Burns ("Burns Decl."), ¶ 13.) Given Plaintiff's successful efforts in achieving monetary payments for the members of the Class, particularly in the face of significant litigation risks and uncertainties as discussed *infra*, Plaintiff and Class Counsel seek the following awards: (1) a class representative service payment for Plaintiff in the amount of ten thousand dollars ($10,000.00) for his service to the Class as Class Representative; (2) Class Counsel attorneys' fees in the amount of eight hundred thousand dollars ($800,000.00); and (3) reimbursement of costs in the amount of thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18).

Plaintiff seeks a modest enhancement payment in the amount of ten thousand dollars ($10,000.00) to compensate him for his role in obtaining significant class-wide recovery and for providing a full general release of his claims. Such amount is fair and reasonable in light of the significant time and effort Plaintiff expended assisting with this class litigation and class-wide settlement, and the risks he took in order to vindicate the rights of over four hundred other workers. As such, Plaintiff earned the enhancement payment he seeks here. *Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 958–59. The requested payment is in line with service awards that other courts in this Circuit have approved in similar wage and hour cases.

The requested attorneys' fee award is reasonable under both the percentage-of-the-fund method and a lodestar cross-check. *See In re Bluetooth Headset Products Liability Litigation* (9th Cir. 2011) 654 F.3d 935, 942, 944; *Six (6) Mexican Workers*

*v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301, 1311. Many courts within this Circuit have approved attorneys' fee awards of up to one-third (1/3) of the common fund. *See, e.g., In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 379 (affirming fee award of one-third of settlement). The reasonableness of the fee request is further underscored by Class Counsel's lodestar, one hundred seventy-nine thousand eight hundred sixty-seven dollars ($179,867.00) to date. (Theriault Decl., ¶ 27). As detailed in the accompanying declaration of Laura Theriault, Class Counsel spent more than three hundred sixteen (316) hours litigating this case, which does not include the additional time they will incur through final approval and distribution of settlement payments to Class Members. Class Counsel litigated this case without any guarantee of payment, and faced substantial risk that they would not be compensated for their time. (Theriault Decl., ¶ 27.) The hourly rates requested by Class Counsel are consistent with the market rates for attorneys of their level of skill and experience. (Theriault Decl., ¶ 26, Ex. B.) The requested award is thus fair, reasonable, and appropriate under the common fund doctrine, particularly in light of the meaningful results achieved and the significant risks presented.

Class Counsel are also entitled to recover their reasonable litigation expenses from the common fund. *See Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769; *In re Anthem, Inc. Data Breach Litigation* (N.D. Cal., Aug. 17, 2018, No. 15-MD-02617-LHK) 2018 WL 3960068, at *28; *Lusby v. GameStop Inc.* (N.D. Cal., Mar. 31, 2015, No. C12-03783 HRL) 2015 WL 1501095, at *5. Here, Class Counsel seek reimbursement of thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18) in reasonable litigation costs and expenses they have incurred in connection with the prosecution of this action. (Theriault Decl., ¶ 29, Ex. C.) Those costs and expenses include mediation fees, filing fees, copy and fax expenses, messenger expenses, postage, teleconference expenses, and legal research fees. (Theriault Decl., ¶ 29, Ex. C.) These expenses are of the type ordinarily billed to paying

clients, and were incurred for the benefit of the Class. Class Counsel are therefore entitled to reimbursement of these expenses.

## II.   FACTS AND PROCEDURE

### A. Class Counsel Devoted Significant Time and Resources to Litigating this Case on a Contingency Basis, Despite the Risks Involved

Over the course of the litigation, I and others from my office conducted extensive investigation into the claims asserted in this case. That investigation included serving Requests for Admissions, Requests for Production of Documents, and Special Interrogatories. Likewise, Defendant served Requests for Production of Documents and Special Interrogatories on Plaintiff.  Additionally, prior to mediation, Defendant provided to Plaintiff a random sampling of Class Members' time and pay records, Defendant's written policies and handbooks, and identified the number of employees comprising the putative class, as well as the relevant total workweeks and pay periods, to allow Plaintiff's counsel to assess liability and value of each cause of action. Through formal and informal discovery, Plaintiff secured information and documentation concerning the claims set forth in the litigation, such as Defendant's policies and procedures regarding the payment of wages, time keeping, meal and rest periods, as well as information regarding the number of putative class members and the mix of current versus former employees, Defendant's written policies and handbook, and the wage rates in effect. (Theriault Decl. ¶ 5.)

On April 20, 2020, Plaintiff filed his class action complaint which alleged the following: 1. Failure to Pay All Wages; 2. Failure to Keep Accurate Payroll Records; 3. Failure to Pay Wages Upon Ending of Employment; and 4. Unfair Competition. On June 3, 2020, Plaintiff filed a First Amended Complaint adding causes of action for 1. Failure to Provide Meal Periods; 2. Failure to Provide Rest Periods; and 3. Failure to Indemnify for Expenditures. On or about June 15, 2020, Defendant removed the State action, Case No. 20STCV15175 to this federal court based upon original jurisdiction

under 28 U.S.C. §§ 1441 and 1332(d) (Case No. 2:20–cv–05337–DMG–SK (DKT 1.)

On July 15, 2020, Plaintiff filed a Motion for Remand, and said motion was denied on November 2, 2020.  On July 22, 2020, Defendant filed an Answer to Plaintiff's First Amended Complaint in which it denied Plaintiff's allegations and asserted twenty-eight (28) affirmative defenses.  Defendant denies all of Plaintiff's allegations in the complaint and the theories of liability upon which this case was asserted. Defendant asserted affirmative defenses to each of the causes of action asserted therein.

Plaintiff's claims were brought on behalf of himself and a putative class of all non-exempt employees currently and formerly employed by Defendant in the position of Service Representative/Courier or other positions with the same or similar job functions in the State of California during the period of April 20, 2016 through January 8, 2022.

Using the above information and records, Plaintiff and his counsel were able to reasonably assess liability on the part of Defendant and the resulting value of damages, paving the way for the proposed settlement terms.

### B. Plaintiff Devoted Time and Resources to the Litigation

Here, Plaintiff devoted significant time and resources to the litigation. Plaintiff spent a considerable amount of time attending multiple meetings with class counsel, spent a significant number of hours searching for, producing, and reviewing documents in Plaintiff's possession, and reviewing documents produced by Defendant in this action.  Plaintiff also participated in a multitude of telephone calls with class counsel and provided them with a wealth of information about his employment with Defendant and Defendant's policies and procedures. (Declaration of Jose Bermejo ("Bermejo Decl.") filed concurrently herewith).  Moreover, Plaintiff agreed to a general release of all known and unknown claims, a broader release than that provided by the class members generally. (Theriault Decl., Ex. A, sections S and III. B. b.) Plaintiff's requested Service Award of ten thousand dollars ($10,000.00) should be granted due

MEMORANDUM OF POINTS AND AUTHORITIES

to his willingness to file a class action, extensive time responding to formal discovery, and serving as an ideal class representative.  Due to such efforts, Plaintiff secured a two million four hundred-thousand-dollar ($2,400,000.00) settlement for his fellow employees.

### C. Plaintiff and the Class Obtained a Highly Beneficial Settlement for Class Members

The two million four hundred thousand dollar ($2,400,000.00) non-reversionary settlement is a substantial result for the class, particularly in light of the substantial risks and uncertainties faced by Plaintiff. On average, Class Members stand to recover an average estimated Gross Recovery of three thousand one hundred sixty-nine dollars and thirty-seven cents ($3,169.37) per Participating Class Member. (Burns Decl., ¶ 13.)

Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526. Proceeding to certification, and subsequently through trial, could add years or more to the resolution of this case.

Defendant denies all liability with regard to all of Plaintiff's causes of action, and contends that Settlement Class Members were paid all wages, as required under Federal and California law.  In addition, Defendant contends its practices have been in compliance with applicable law as set forth above. Defendant denies that, for any purpose other than settling this action, this matter is appropriate for class treatment. Defendant further contends that it has complied at all times with all applicable California and Federal laws, including the California Labor Code, the applicable California Wage Order(s), and UCL. Defendant contends that if this action were to be litigated further, Defendant would have strong defenses to class certification and on the merits.  (Theriault Decl. ¶ 10.) Accordingly, Plaintiff's claims and Defendant's defenses give rise to a number of critical, disputed factual and legal issues that go to

the core of Plaintiff's claims and theories of liability and, by extension, to Plaintiff's entitlement to recover damages and penalties, and/or the proper measure of damages.

As is set forth in greater detail in Plaintiff's Motion for Preliminary Approval and the Declarations filed in support thereof (Dkt. No. 38), while this is a strong case for class certification and for maintaining class status through trial, there is substantial risk that Plaintiff and the Class would not prevail on the merits should this case proceed to trial. At the very least, litigating these issues would require additional costly and complicated discovery, summary judgment practice, and, in all likelihood, trial. Whether Plaintiff would prevail remains uncertain, and appeals would almost certainly follow any ruling by this Court. Whatever the strength of the claims, Plaintiff nonetheless face numerous obstacles to recovery, including likely challenges to the use of representative testimony and expert witnesses to establish class-wide liability and aggregate damages, challenges to Plaintiff's methodology for calculating damages and penalties, and having to defeat Defendant's defenses. It is especially true here where Defendant denies liability, and when a party continues to deny liability, there is an inherent risk in continuing litigation. In *Thieriot v. Celtic Ins. Co.* (N.D. Cal., Apr. 21, 2011, No. C-10-04462-LB) 2011 WL 1522385, at *5, the district court approved a settlement agreement in which the defendant specifically denied liability, noting that such denial of liability illustrated the risk to continued litigation. *See also Mora v. Harley-Davidson Credit Corp.* (E.D. Cal., Jan. 3, 2014, No. 1:08-CV-01453-BAM) 2014 WL 29743, at *4 (granting final approval to settlement agreement where defendant denied any liability); *Cf. Greko v. Diesel U.S.A., Inc.* (N.D. Cal., Apr. 26, 2013, No. 10-CV-02576 NC) 2013 WL 1789602, at *4 ("[E]ven with a strong case, litigation entails expense.").

While Plaintiff believes the class causes of action asserted would have prevailed on conditional class certification/class certification/trial and on the merits of their claims, the settlement eliminates any risk that Class Members might not recover at all. Additionally, early resolutions save time and money that would otherwise go to

MEMORANDUM OF POINTS AND AUTHORITIES

litigation. Parties' resources, as well as the Court's, would be further incurred by continued litigation. If this action had settled following additional litigation, the settlement amount would likely have considered the additional costs incurred, such that there may have been less available for Class Members. Cost savings is one reason why California policy strongly favors early settlement. *See Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 277 (explaining the high value placed on settlements and observing that "[s]ettlement is perhaps most efficient the earlier the settlement comes in the litigation continuum."). Moreover, given that the class members will receive speedy remuneration is particularly important, the potential for years of delayed recovery is a significant concern.

Considered against the risks of continued litigation, and the importance of the employment rights and a speedy recovery to Class Members, the totality of relief provided under the Settlement Agreement is more than adequate and well within the range of reasonableness.

## III. ARGUMENT

Class Counsel seek fees in the amount of one-third (1/3) or 33.33% of the Gross Settlement Amount, or eight hundred thousand dollars ($800,000.00). The amount requested is reasonable under both the percentage-of-the-fund method and a lodestar cross-check.

### A. Class Counsel are Entitled to an Award of Attorneys' Fees because the Litigation Recovered a Certain and Calculable Fund for the Class Members

Courts have long recognized that when counsel's efforts result in the creation of a common fund that benefits plaintiffs and unnamed class members, class counsel have an equitable right to be compensated from that fund as a whole. *See, e.g., Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, 478 (U.S. Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund … is entitled to a reasonable attorney's fee from the fund as a whole"); *Staton v. Boeing Co.* (9th Cir.

2003) 327 F.3d 938, 967 (recognizing common fund doctrine). The common fund doctrine rests on the understanding that attorneys should normally be paid by their clients, and that unless attorneys' fees are paid out of the common fund, those who benefit from the fund will be unjustly enriched. *Boeing Co.*, *supra*, 444 U.S. at p. 478. To prevent this unfair result, courts exercise their inherent equitable powers to assess attorneys' fees against the entire fund, thereby spreading the cost of those fees among all those who benefit from it. *Ibid.*

The settlement of this litigation resulted in the recovery of two million four hundred thousand dollars ($2,400,000.00). Because none of the Class Members paid fees to Class Counsel for their efforts during the litigation, equity requires Class Members to pay a fair and reasonable fee, based on what the market would traditionally require, no less than if they had hired private counsel to litigate their case individually. *Id.* at p. 478–82.

**B.  The Requested Fee is Reasonable Under the Percentage-of-the-Fund Method**

Where, as here, fees are requested from a common fund, the Court has discretion to use either the percentage-of-the-fund method or the lodestar method to evaluate the reasonableness of the fee amount requested. *In re Bluetooth Headset Products Liability Litigation*, *supra*, 654 F.3d at p. 942. In common fund cases, it is widely accepted for courts to award fees "based on a percentage of the fund bestowed on the class." *Blum v. Stenson* (1984) 465 U.S. 886, 900, n.16; *see In re Online DVD-Rental Antitrust Litigation* (9th Cir. 2015) 779 F.3d 934, 953 (district court appropriately calculated the fee award as a percentage of the total settlement fund, including notice and administrative costs and litigation expenses); *Six (6) Mexican Workers*, *supra*, 904 F.2d at p. 1311 ("[A] reasonable fee under the common fund doctrine is calculated as a percentage of the recovery."); *State of Fla. v. Dunne* (9th Cir. 1990) 915 F.2d 542, 545 (recognizing a "recent ground swell of support for mandating a percentage-of-the-fund approach in common fund cases").

MEMORANDUM OF POINTS AND AUTHORITIES

Courts within this Circuit have awarded one-third of the common fund in fees. *See, e.g., Bower v. Cycle Gear, Inc* (N.D. Cal., Aug. 23, 2016, No. 14-CV-02712-HSG) 2016 WL 4439875, at *7 (approving fee award of 30% of the settlement fund, which was equivalent to class counsel's lodestar with a multiplier of 1.37); *In re Pac. Enterprises*, 47 F.3d at378–79 (affirming fee award of 33% of settlement); *Hester v. Vision Airlines, Inc.* (D. Nev., July 17, 2014, No. 2:09-CV-00117-RLH) 2014 WL 3547643, at *11 (awarding 30% from the common fund); *Ching v. Siemens Industry, Inc.* (N.D. Cal., June 27, 2014, No. 11-CV-04838-MEJ) 2014 WL 2926210, C11-*Ching*, *supra*, 2014 WL at p. at *7–8 (awarding 30% from a gross settlement fund of $425,000); *Elliott v. Rolling Frito-Lay Sales, LP* (C.D. Cal., June 12, 2014, No. SACV 11-01730 DOC) 2014 WL 2761316, at *8 (awarding 30% from the gross settlement fund); *Barbosa v. Cargill Meat Solutions Corp.* (E.D. Cal. 2013) 297 F.R.D. 431 (awarding 33.3% of fund in wage-and-hour class action); *Estrella*, *supra*, 2012 WL at p. at *3 (awarding 33⅓ percent of $1.9 million settlement fund); *Stuart v. Radioshack Corp.*, C07-*Stuart v. Radioshack Corp.* (N.D. Cal., Aug. 9, 2010, 4499 EMC) 2010 WL 3155645, at *6 (awarding 1/3 of settlement fund in wage and hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits"); *Vasquez v. Coast Valley Roofing, Inc.* (E.D. Cal. 2010) 266 F.R.D. 482, 491–92 (awarding 33⅓ percent in wage and hour class action); *Singer v. Becton Dickinson and Co.* (S.D. Cal., June 1, 2010, No. 08-CV-821-IEG (BLM)) 2010 WL 2196104, at *8–9 (awarding 33⅓ percent in attorneys' fees); *In re Heritage Bond Litigation* (C.D. Cal., June 10, 2005, No. 02-ML-1475 DT) 2005 WL 1594403, at *23 (awarding 1/3 of common fund). Indeed, "[n]ationally, the average percentage of the fund award in class actions is approximately one third." *Multi-Ethnic Immigrant Workers Organizing Network v. City of Los Angeles* (C.D. Cal., June 24, 2009, No. CV 07-3072 AHM FMMX) 2009 WL 9100391, at *4.

As such, the Court should similarly find that Class Counsel's request for attorneys' fees in the amount of one-third (1/3) of the Gross Settlement Amount as

reasonable.

## C. The Requested Fee is Reasonable Under the Lodestar Cross-Check

### 1. Class Counsel's Lodestar is Based on Reasonable Hours and Rates

While courts have discretion in common fund cases to calculate a fee award using either the percentage-of-the-fund approach or the lodestar approach, courts are encouraged to crosscheck both figures against one another to confirm the reasonableness of the award. *In re Bluetooth Headset Products Liability Litigation*, *supra*, 654 F.3d at p. 942, 944–45; *Vizcaino v. Microsoft Corp.* (9th Cir. 2002) 290 F.3d 1043, 1050 ("[W]hile the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award.").

Here, a lodestar cross-check confirms that the one-third (1/3) fee award requested is reasonable. As set forth in the accompanying declaration of Laura Theriault, Class Counsel's lodestar to date is one hundred seventy-nine thousand eight hundred sixty-seven dollars ($179,867.00), which does not include the time spent preparing for and attending the Final Approval Hearing, facilitating administration of this Settlement, potentially responding to Class Member inquiries regarding the Settlement, or the time that will be spent until distribution of settlement payments to Class Members. The hours and rates used to calculate Class Counsel's lodestar are reasonable. Class Counsel have devoted more than three hundred sixteen hours to this litigation. (Theriault Decl., ¶¶ 26–28, Ex. B.)

In calculating this lodestar hours figure, Class Counsel exercised billing judgment as they would for a fee-paying client, reducing hours to eliminate redundancies, inefficiencies, and other time not appropriately charged to a paying client. Moreover, because the detailed time report is submitted before the filing of this motion, they do not reflect additional work Class Counsel will have performed by the time this motion is heard, including attending the hearing and overseeing the settlement

MEMORANDUM OF POINTS AND AUTHORITIES

notice process—all time for which Class Counsel will not seek additional compensation.

The rates used in calculating Class Counsel's lodestar are also reasonable. The lodestar should be calculated using hourly rates that are "the prevailing market rates in the relevant community." *Blum*, *supra*, 465 U.S. at p. 895.) Courts typically apply each attorney's current rates for all hours of work, regardless of when performed to account for the delay in payment resulting from the years it took to litigate the case. *See Missouri v. Jenkins by Agyei* (1989) 491 U.S. 274, 282–84 (court should account for delay in payment by applying current rather than historic hourly rates); *Prison Legal News v. Schwarzenegger* (9th Cir. 2010) 608 F.3d 446, 453–54. Here, Class Counsel's experience, reputation, and ability justify the rates charged. Plaintiff's Counsel's experience is detailed in the Declaration of Kevin Mahoney in Support of the Motion for Preliminary Approval. (DKT. No. 38). Further, these rates are commensurate with those prevailing for attorneys with comparable skill and experience litigating complex wage-and-hour class actions. (Theriault Decl., ¶ 26.) These hourly rates, or their historical equivalents, have been paid to Class Counsel by paying clients, and have repeatedly been approved by other courts. (Theriault Decl., ¶¶ 26–28, Ex. B.)

### 2. The Legal Principles Behind Risk Multipliers Further Support the Reasonableness of the Fee Requested

In common fund cases, courts frequently apply multipliers to the lodestar to reflect the risks involved, the complexity of the litigation, and other relevant factors. *See Vizcaino*, *supra*, 290 F.3d at p. 1051 (courts "routinely enhance" the lodestar to reflect the risk of non-payment in common fund cases") (internal quotation marks and citation omitted). Such an enhancement "mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Ibid.* For these reasons, courts routinely enhance lodestar amounts based on multipliers ranging from 2 to 4, or even higher. *See Ibid.* (approving a multiplier of 3.65); *Perkins v.*

*Linkedin Corporation* (N.D. Cal., Feb. 16, 2016, No. 13-CV-04303-LHK) 2016 WL 613255, at *15 (multiplier of 1.45 was reasonable); *Craft v. County of San Bernardino* (C.D. Cal. 2008) 624 F.Supp.2d 1113, 1125 (awarding multiplier of 5.2 and collecting cases with cross-check multipliers ranging from 4.5 to 19.6); *Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 298 (noting that multipliers in the 3-4 range are common in class action lodestar awards).

As case law suggests, Class Counsel here is justified in seeking a risk multiplier. Here, Class Counsel would require an approximate 4.4 multiplier. The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Collins v. American Freight System, Inc.* (W.D. Mo. 1983) 559 F.Supp. 1032, 1036 2d at 1047 (N.D. Cal. 2008). In this case, Class Counsel have invested more than three hundred sixteen (316) hours of work with no compensation as Mahoney Law Group, APC works on a contingency basis. (Theriault Decl., ¶ 27, Ex. B.) Moreover, Class Counsel have invested time and resources in the case despite facing the real possibility of no recovery. This factor also supports the award of Class Counsel's requested fees.

### D. Class Counsel are Entitled to Recover their Reasonable Litigation Costs

Class Counsel also request reimbursement from the Gross Settlement Amount in the amount of thirteen thousand five hundred sixty dollars and eighteen cents. ($13,560.18) for litigation costs and expenses reasonably incurred. (Theriault Decl., ¶ 29, Ex. C.) As with attorneys' fees, these expenses should be paid from the common fund because all Class Members should share in the costs of the litigation, from which they received a benefit. The expenses for which Class Counsel seek reimbursement are the normal costs of litigation that are traditionally billed to paying clients. *See, e.g., Vincent*, *supra*, 557 F.2d at p. 769; *Harris v. Marhoefer* (9th Cir. 1994) 24 F.3d 16, 19 (attorneys should recover reasonable out of pocket costs of the type ordinarily billed to

paying clients). Class Counsel have incurred at least thirteen thousand five hundred sixty dollars and eighteen cents. ($13,560.18) in litigation costs and expenses to date, and will inevitably incur additional necessary costs through the conclusion of this matter for which they will not be reimbursed, including costs related to the motions for final approval, attorneys' fees, and enhancement payment, and overseeing the settlement administration process. The expenses for which Class Counsel seek reimbursement are detailed in the supporting declaration of Class Counsel, but generally include filing, service, mediation and expert fees. (Theriault Decl., ¶ 29, Ex. C.)

As set forth therein, all of these costs were necessary to the prosecution of this litigation, and were the sort of expenses normally billed to paying clients, and were made for the benefit of the class. Accordingly, they are reimbursable. *See, e.g., In re Immune Response Securities Litigation* (S.D. Cal. 2007) 497 F.Supp.2d 1166, 1177–78.

### E. The Court Should Approve the Requested Enhancement Payment in Recognition of Plaintiff's Time and Effort and the Risk he Undertook in Service to the Class

Class representatives play a crucial role in bringing justice to those who would otherwise be unable to vindicate their rights. *See Rodriguez*, *supra*, 563 F.3d at p. 958–59 (service awards may recognize a plaintiff's "willingness to act as a private attorney general"). In the Ninth Circuit, "[i]ncentive awards are fairly typical in class action cases." *Id.* at p. 958. "Numerous courts in the Ninth Circuit and elsewhere have approved enhancement payments, also known as "service awards," of $20,000 or more where, as here, the class representative has demonstrated a strong commitment to the class." *Garner v. State Farm Mut. Auto. Ins. Co.* (N.D. Cal., Apr. 22, 2010, No. CV 08 1365 CW EMC) 2010 WL 1687832, at *17 (collecting cases). In examining this commitment to the class and the reasonableness of a requested service payment, courts must consider all "relevant factors includ[ing] the actions the plaintiff has taken to

protect the interests of the class, the degree to which the class has benefitted from those actions,…the amount of time and effort the plaintiff expended in pursuing the litigation…and reasonabl[e] fear[s of] workplace retaliation." *Staton*, *supra*, 327 F.3d at p. 977 (citation omitted).

Here, each of these factors weigh in favor of granting this motion. The ten thousand dollars ($10,000.00) that Plaintiff seeks is a reasonable amount to compensate Plaintiff for the time she spent pursuing this case, the risk involved in bringing this case as named Plaintiff, the delay resulting from bringing this case on a class rather than an individual basis, the information and insight he provided to class counsel to prosecute the case efficiently, his role in the settlement process, and the service rendered to the unnamed class members resulting from the settlement achieved in this case. As discussed in detail below and in Plaintiff's declaration submitted herewith, Plaintiff contributed an exceptional amount of time and effort on behalf of the class.

### 1. By Initiating this Action and Devoting Substantial Time to Assist with the Successful Prosecution and Settlement of the Case, Plaintiff Benefited the Class as a Whole

Service awards are payments to class representatives for their service to the class in bringing the lawsuit. *See Rodriguez*, *supra*, 563 F.3d at p. 958–59. Class representatives bring critical factual knowledge to employment class actions, including information about employer policies and practices that affect wages. *See Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826, at *32–37 (recognizing Plaintiffs' efforts in time spent meeting with class counsel and informing them of employers' practices and procedures, as well as reviewing pleadings and motions, searching for and producing documents and responding to interrogatories).

Here, Plaintiff protected the interests of the class by bringing this action, answering discovery, assisting in preparing discovery, and spending numerous hours assisting in the prosecution and settlement of this case. Because of his efforts, the entire

class will now benefit from the settlement of the case. Plaintiff now submits a declaration in support of this motion for an enhancement payment describing the tasks he performed as the named, representative Plaintiff and the details of his participation in assisting in the prosecution of this case. (*See generally* Bermejo Decl.)

### 2.  The Risks Plaintiff Took Support his Request for an Enhancement Payment

Service awards are particularly appropriate in wage-and-hour actions where plaintiffs undertake a significant "reputational risk" by bringing suit against their former employers. *Rodriguez*, *supra*, 563 F.3d at p. 958–59; *Brazil v. Dell Inc.* (N.D. Cal., Apr. 4, 2012, No. C-07-01700 RMW) 2012 WL 1144303, at *2–3. In the workplace context, where workers are often blacklisted if they are considered "trouble makers," employees who sue their employers are particularly vulnerable to retaliation and termination. *See In re High-Tech Employee Antitrust Litigation* (N.D. Cal., Sept. 2, 2015, No. 11-CV-02509-LHK) 2015 WL 5158730, at *16–18 (granting service awards based in part on the named plaintiffs' risk of future workplace retaliation and diminished future employment prospects for being labeled "troublemakers" in their industry); *Nitsch v. DreamWorks Animation SKG Inc.* (N.D. Cal., June 5, 2017, No. 14-CV-04062-LHK) 2017 WL 2423161, at *14 (same); *Connolly v. Weight Watchers North America Inc.* (N.D. Cal., July 21, 2014, No. 14-CV-01983-TEH) 2014 WL 3611143, at *4 (named plaintiffs assume "the risk of being stigmatized or disfavored by their current or potential future employers by suing their Apr. 8, 2011) (awarding enhancements to named plaintiffs in recognition that "they risk their good will and job security in the industry for the benefit of the class as a whole"); *Ross v. U.S. Bank Nat. Ass'n* (N.D. Cal., Sept. 29, 2010, No. C07-02951SI) 2010 WL 3833922, at *2 (enhancements based on "willingness to serve as representatives despite the potential stigma that might attach to them in the banking industry from taking on those roles").

Here, Plaintiff undertook significant risk and burden in coming forward and filing suit against Defendant as named Plaintiff, answering discovery, and actively

15

participating in prosecuting this action. *See Guippone v. BH S & B Holdings, LLC* (S.D.N.Y., Oct. 28, 2011, No. 09 CIV. 01029 CM) 2011 WL 5148650, at *7 ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating that person."). Although Plaintiff could likely have confidentially resolved his individual claims, he was willing to risk exposure and act as the named Plaintiff to secure a remedy not only for himself, but for his fellow workers who might be unwilling, afraid, or unable to bring their own case. The risk of retaliation and deterred future employment weighs in favor of the requested enhancement payment.

### 3. The Reasonableness of Plaintiff's Request Favors Granting an Enhancement Payment

The amount being requested, ten thousand dollars ($10,000.00) for the only named Plaintiff, is reasonable in light of the factors courts balance to ascertain the reasonableness of service payments. Courts balance "the number of named plaintiffs receiving service payments, the proportion of the payments relative to the settlement amount, and the size of each payment." *Staton*, *supra*, 327 F.3d at p. 977; *see also Alberto v. GMRI, Inc.* (E.D. Cal. 2008) 252 F.R.D. 652, 669.

Here, the proportion of the requested incentive award to class members' individual recoveries is reasonable. *See In re Online DVD-Rental Antitrust Litigation*, *supra*, 779 F.3d at p. 947–48 (considering the same Staton factors and affirming service awards of $5,000 for nine plaintiffs). The total enhancement payment requested is less than half of a percent (0.04%) of the Gross Settlement Amount. This is not a case where the representative plaintiff receives many thousands of dollars while the class members get a coupon or nominal damages. *See Cabiness v. Educational Financial Solutions, LLC* (N.D. Cal., June 25, 2018, No. 16-CV-01109-JST) 2018 WL 3108991, at *8 (indicating that the court would be unlikely to award a service payment in an amount that was "approximately 500 times the size of the average award for other class members."). Here, pursuant to the plan of distribution, the average estimated Gross

Recovery per Participating Class Member is three thousand one hundred sixty-nine dollars and thirty-seventy ($3,169.37). (Burns Decl., ¶ 13.)

In addition, Plaintiff agreed to execute a broader release than the releases that apply to other Class Members. (Theriault Decl., Ex. A, section S and III. B. b.) Plaintiff's release warrants additional compensation. *See Dent v. ITC Service Group, Inc.* (D. Nev., Sept. 27, 2013, No. 2:12-CV-00009-JCM) 2013 WL 5437331, at *4 (awarding enhancement, in part, because plaintiff signed a general release); *Wade v. Kroger Co.* (W.D. Ky., Nov. 20, 2008, No. 3:01CV-699-R) 2008 WL 4999171, at *13 (awarding plaintiffs additional compensation because they agreed to a "release of all claims…that is broader than the release given by other members of this class"); *Carlson v. C.H. Robinson Worldwide, Inc.* (D. Minn., Sept. 18, 2006, No. CIV 02-3780 JNE/JJG) 2006 WL 2671105, at *4 (authorizing additional payments to plaintiff who "g[a]ve additional consideration-that is, a broader release of claims than the release to be signed by other class members").

Finally, the service payment that Plaintiff seeks is in line with and, in some cases, is much lower than awards approved in class actions in this Circuit. *See, e.g., In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal., Dec. 6, 2017, No. 4:14-MD-2541-CW) 2017 WL 6040065, at *11 (awarding $20,000 to each class representative); *Ridgeway v. Wal-Mart Stores Inc.* (N.D. Cal. 2017) 269 F.Supp.3d 975, 1003 (awarding $15,000 to each of nine class representatives); *Wellens v. Sankyo* (N.D. Cal., Feb. 11, 2016, No. C 13-00581 WHO (DMR)) 2016 WL 8115715, at *4 (awarding $25,000 to each of the six named Plaintiffs in an action alleging gender discrimination in the workplace "in light of their time and effort pursuing this litigation, the substantial benefit to the Class from the Settlement, and the risks that they have faced in representing the Class"); *Graham v. Overland Solutions, Inc.* (S.D. Cal., Sept. 12, 2012, No. 10-CV-0672 BEN BLM) 2012 WL 4009547, at *8 (awarding $25,000 to each named plaintiff for their time, effort, risks undertaken for the payment of costs in the event the action had been unsuccessful,

MEMORANDUM OF POINTS AND AUTHORITIES

stigma upon future employment opportunities for having initiated an action against a former employer, and a general release of all claims related to their employment); *Garner*, *supra*, 2010 WL at p. at *17 ("Numerous courts in the Ninth Circuit and elsewhere have approved service awards of $20,000 or more") (collecting cases); *Glass v. UBS Financial Services, Inc.* (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862, at *16–17 (approving payments of $25,000 to each named plaintiff); *Van Vranken*, *supra*, 901 F.Supp. at p. 299–300 (awarding $50,000 to a lead plaintiff).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award Plaintiff a class representative service payment in the amount of ten thousand dollars ($10,000.00), Class Counsel attorneys' fees in the amount of eight hundred thousand dollars ($800,000.00), and reimbursement of costs in the amount of thirteen thousand five hundred sixty dollars and eighteen cents. ($13,560.18).

Dated: September 1, 2023                    **MAHONEY LAW GROUP, APC**

By: _____
Kevin Mahoney, Esq.
Berkeh Alemzadeh, Esq.
Laura Theriault, Esq.
Attorneys for Plaintiff JOSE BERMEJO
as an individual and on behalf of all
similarly situated employees

MEMORANDUM OF POINTS AND AUTHORITIES