JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMEJO, as an individual, and on behalf of all similarly situated employees,<br><br>Plaintiff,<br>vs.<br><br>LABORATORY CORPORATION OF AMERICA, DBA LABCORP; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. CV 20-5337-DMG (SKx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On May 31, 2024, a hearing was held on Plaintiff Jose Bermejo's ("Plaintiff") Motion for Final Approval of Class Settlement, and on Plaintiff's separate motion for awards of the Class Counsel Fees Payment and Costs and Class Representative Service Payment. The Court having considered the arguments of counsel, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Class Action Settlement Agreement ("Settlement Agreement" or "Settlement") [Doc. # 83-1] filed with the Court as Exhibit A to the Supplemental Declaration of Kevin Mahoney entered into by and between Plaintiff, individually and on behalf of Class Members (defined below), and Defendant, Laboratory Corporation of America dba Labcorp (referred to herein as "Defendant"), is fair, just, and reasonable and, therefore, meets the requirements for final approval.

2. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, as well as the parties' agreed-upon increase to the Gross Settlement Amount from $2,400,000 to $2,412,000.

3. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over Defendant and all Class Members. Specifically, this Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1332(a) and (d) and 1441(a).

4. The following class was conditionally certified for settlement purposes on March 21, 2023 as follows: all persons who are employed or have been employed by Defendant in California as non-exempt employees in the position of Service Representative/Courier or other positions with the same or similar job functions at any time on or between April 20, 2016 to January 8, 2022. The Court finds and determines that this class meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 (a) and (b)(3), and it is ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

5.	Pursuant to the Court's Order granting Preliminary Approval of this settlement, the notice documents were sent to each Class Member by first-class mail. The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

6.	The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7.	The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

8.	The Court further finds and determines that the terms of this Settlement are fair, adequate and reasonable for the Participating Class Members that have not opted out and they will be bound by the Settlement Agreement, that this settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and are ordered to be consummated, except as otherwise provided in this Order, Pursuant to Rule 23(e). As part of the notice process, one (1) putative class member opted out of the Settlement Class and shall not be bound by the terms of the Settlement: Brian Poole.

9.	In addition, the Court finds that the Settlement Agreement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of

arm's-length negotiations, with the assistance of an experienced mediator, between experienced counsel representing the interests of the Class Members and Defendant, after thorough factual and legal investigation.

10. The Court finds and determines that the Individual Settlement Payments to be made to the Participating Class Members as provided for in the Settlement Agreement are fair and reasonable. The proposed plan of allocation bases each Participating Class Member's recovery on his or her total number of workweeks on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class. The plan of allocation is rational. The Court gives final approval to and orders that payment of those amounts be made to the Participating Class Members out of the Net Settlement Fund in accordance with the terms of the Settlement Agreement.

11. The Court finds that the response of Class Members following the administration of Class Notice supports the approval of the settlement.

12. The Court confirms as final the appointment of Plaintiff as Class Representative.

13. The Court awards attorneys' fees to Class counsel, Mahoney Law Group, APC, in the amount of eight hundred thousand dollars ($800,000.00) and costs to Class Counsel in the amount of thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18). Class Counsel originally estimated litigation costs up to twenty thousand dollars ($20,000.00). Attorneys' actual costs in the amount of thirteen thousand five hundred sixty dollars and eighteen cents ($13,560.18) are requested by Class Counsel to be paid from the Gross Settlement Amount. The remaining amount of six thousand four hundred thirty-nine dollars and eighty-two cents ($6,439.82) will become part of the Net Settlement Amount for distribution to Participating Class Members. The Court finds that the hourly rates of Class Counsel are reasonable, and at the time Class Counsel represented they have worked on this matter was reasonably spent securing the Settlement approved herein.

14. The Court confirms Plaintiff's Enhancement payment of ten thousand dollars ($10,000.00) for Plaintiff. The Court finds that Plaintiff has undertaken significant risk and performed valuable services on behalf of the Class Members.

15. Upon completion of the administration of this settlement, the Settlement Administrator will provide a declaration detailing the completion of the administration process to the Court and counsel for the Parties. The Court finds and confirms the costs of eight thousand seven hundred dollars ($8,700.00) reasonable for the administration of this settlement, as set forth in the Declaration of the administrator's representative, to be paid out of the Gross Settlement Amount to the Settlement Administrator.

16. The Court finds that there are no objections to the Settlement, and therefore there is no person with standing to appeal the same. The Court finds no basis for determining that the Settlement was reached by anything other than arm's-length negotiations. The Court further finds that the investigation and discovery was sufficient to allow Class Counsel and the Court to act intelligently. The Court also finds that Class Counsel is experienced in this type of litigation.

17. Accordingly, the Court orders all Parties and their counsel to cooperate in fulfilling the terms of the Settlement Agreement herein consistent with this order, and this Court shall retain jurisdiction to enforce the terms of the Final Judgment and effectuate the terms of the Settlement, including the binding effect of the releases set forth in the Settlement Agreement to both the Plaintiff and Class Members.

18. This action shall be administratively closed pending entry of Final Judgment.

**IT IS SO ORDERED.**

DATED: June 7, 2024

_____
DOLLY M. GEE
CHIEF UNITED STATES DISTRICT JUDGE